COOLEY LLP
BEATRIZ MEJIA (190948)
(mejiab@cooley.com)
K.C. JASKI (334456)
(kjaski@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:  +1 415 693 2000
Facsimile:  +1 415 693 2222

KATELYN L. KANG (5745799)\*
(kkang@cooley.com)
55 Hudson Yards
New York, NY 10001-2157
Telephone:  +1 212 479 6000
Facsimile:  +1 212 479 6275

ROBBY L.R. SALDAÑA (1034981)\*
(rsaldana@cooley.com)
1299 Pennsylvania Avenue, NW, Suite 700
Washington, D.C. 20004-2400
Telephone:  +1 202 842 7800
Facsimile:  +1 202 842 7899

*(\*Pro Hac Vice Pending)*

Attorneys for Defendant
Two Jinn, Inc., d/b/a ALADDIN BAIL BONDS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA MEDINA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Two Jinn, Inc., d/b/a ALADDIN BAIL BONDS,<br><br>Defendant. | Case No. _____<br><br>**DEFENDANT TWO JINN, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332(d) [CLASS ACTION FAIRNESS ACT]**<br><br>Cal. Superior Court, County of Napa (Case No. 22CV000316) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453(b), Defendant Two Jinn, Inc., doing business as Aladdin Bail Bonds ("Defendant") hereby removes an action originally filed in the Superior Court of California for the County of Napa to the United States District Court for the Northern District of California. The reasons for removal are set forth herein.

## I.   PROCEDURAL HISTORY.

1.   On March 23, 2022, Plaintiff Sara Medina filed a putative class action complaint (the "Complaint") in the Superior Court of California for the County of Napa. The case bears the caption: *Sara Medina v. Two Jinn, Inc.*, Case No. 22CV000316. A true and correct copy of the docket of the state court action is attached as Exhibit 1. A copy of the Complaint is attached as Exhibit 2.

2.   In the Complaint, Plaintiff alleges that Defendant failed to provide a notice allegedly required by California Civil Code § 1799.91 to Ms. Medina and members of the proposed class before asking them to co-sign a bail bond credit agreement in connection with bail bond transactions. (*See* Ex. 2, Compl. ¶ 21.) The putative class is defined as follows:

> All people who cosigned a bail bond credit agreement from Two Jinn, Inc. or its subsidiaries or affiliates, which did not include the notice described in California Civil Code Section 1799.91 prior to signing, and who (1) owed, were asked to make, or made a payment on or after March 23, 2018; and (2) were not a spouse of the person who received release services under the arrangement at the time of consigning.

(*Id.* at ¶ 23.)

3.   Defendant completed the Notice and Acknowledgment of Receipt of the Summons and Complaint on March 28, 2022, effecting service on that date. A copy of the Summons is attached hereto as Exhibit 3; Defendant's completed Acknowledgement of Receipt of the Summons and Complaint is attached hereto as Exhibit 4.

## II.   REMOVAL IS TIMELY.

4.   This notice of removal is timely filed pursuant to 28 U.S.C. §§ 1446(b) and 1453(b)

because it is filed within thirty days after service of the Complaint and summons on Defendant, which occurred on March 28, 2022.

5. Pursuant to 28 U.S.C. § 1446(d), Defendant is promptly filing a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Napa and serving Plaintiff with the same.

### III. SUBJECT MATTER JURISDICTION EXISTS.

6. This Court has original jurisdiction over the action under 28 U.S.C. § 1332(d)(2). The action is removable to this Court pursuant to 28 U.S.C. § 1453(b).

7. A class action filed in state court is removable to federal district court under the Class Action Fairness Act ("CAFA") if: (1) the putative class includes more than 100 members, (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and (3) "any member of a class of plaintiffs" is diverse "from any defendant" in any one of three statutorily enumerated ways. 28 U.S.C. § 1332(d)(2). The CAFA requirements are satisfied in this case.

**The Proposed Class Exceeds 100 Members.**

8. The Complaint's allegations satisfy the first requirement for removal under CAFA because the putative class allegedly "includes thousands of people." (Ex. 2, Compl. ¶ 24.)

9. Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claims for relief, if the allegations in the complaint are accepted as true, there are more than 100 proposed class members. *See, e.g., Phillips v. Wellpoint, Inc.*, 2010 WL 4877718, at *2 (S.D. Ill. Nov. 23, 2010) (relying on allegation in plaintiff's complaint that "the proposed class will exceed 20,000 policyholders and group members" to support a finding of jurisdiction under CAFA).

**The Amount in Controversy Exceeds $5 Million.**

10. The Complaint's allegations satisfy the second requirement for removal under CAFA. To meet the amount in controversy threshold, a notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700 (9th Cir. 2018) (citing *Dart Cherokee Basin Operating*

1  *Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).  A court may consider various forms of relief sought in the complaint to determine the amount in controversy.  *See also Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[T]he amount in controversy may include damages, costs of compliance with injunctions, and attorneys' fees awarded under contract or fee shifting statutes") (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).

11. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.* (emphasis in original); *accord Deehan v. Amerigas Partners, L.P.*, 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007).

12. Further, a defendant's burden of proof on removal "is not daunting, as courts recognize that . . . a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204–05 (emphasis in original; internal quotation marks omitted).

13. Given the alleged class size of "thousands of people," (Ex. 2, Compl. ¶ 24), calculation of the amount in controversy per putative class member that will suffice to meet the amount in controversy requirement is straightforward.  For a class of 1,000 individuals, an amount greater than $5,000 per putative class member will suffice for the total amount in controversy to exceed $5 million.  As the size of the putative class increases, the minimum amount per putative class member that suffices to meet $5 million decreases.

14. Here, Plaintiff seeks on behalf of herself and a putative class "restitution in the form of refunds of the amounts unlawfully collected, and the disgorgement of Defendant's ill-gotten profits, not exceeding their out-of-pocket losses." (Ex. 2, Compl. ¶ 36.)  Plaintiff alleges that she "made a one-time 'down payment' of $10,000 on May 11, 2018." (*Id*. ¶ 15.)  That amount is more than the minimum amount per putative class member sufficient to exceed the $5 million amount

for a class of 1,000 individuals.

15. Additionally, Plaintiff also seeks on behalf of herself and a putative class, attorney's fees, pre- and post-judgment interest, and "all forms of relief provided for under the UCL." (Ex. 2, Compl., Prayer for Relief.) These fees and the interest sought are potentially significant for a putative class of thousands of people.

16. Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claim for relief, the face of the Complaint plausibly establishes that the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

### There is Minimal Diversity.

17. The Complaint's allegations satisfy the third requirement for removal under CAFA because at least one member of the putative class, as defined by the Complaint, "is a citizen of a State different from [the] Defendant." 28 U.S.C. § 1332(d)(2)(A). Two Jinn is a citizen of California because it is incorporated in and has its principal place of business in California. *See* 28 U.S.C. § 1332(c)(1); (Ex. 2, Compl. ¶ 2). As alleged in the Complaint, the proposed class plausibly includes at least one individual who is not a California citizen. (Ex. 2, Compl. ¶¶ 23–24.) The proposed class is not limited to California citizens and thus does not exclude citizens of other states. *See Kastler v. Oh My Green, Inc.*, 2019 WL 5536198, at *3 (N.D. Cal. Oct. 25, 2019) ("Plaintiff's Complaint did not limit proposed class members to residents of California, so Defendant meets the minimal diversity requirement."). Based on an initial review of its records, Two Jinn also believes that at least one individual of the putative class has a permanent address outside of California. Thus, the minimal diversity requirement under CAFA is met.

**IV.  VENUE IS PROPER.**

18. Removal to this judicial district is proper because this district includes the County of Napa, where the action is currently pending. *See* 28 U.S.C. § 84(a); 28 U.S.C. § 1441(a). Removal to this division is proper because this division includes the County of Napa. *See* N.D. Cal. L.R. 3-2(d).

## V.  CONCLUSION.

19. Based on the foregoing, Defendant removes the civil action filed in the Superior Court of California for the County of Napa, to the United States District Court for the Northern District of California.

20. Defendant reserves the right to amend and/or supplement this Notice of Removal.

Dated: April 26, 2022

COOLEY LLP
BEATRIZ MEJIA (190948)
ROBBY L.R. SALDAÑA (1034981)
KATELYN L. KANG (5745799)
K.C. JASKI (334456)

By: _____
Beatriz Mejia

Attorneys for Defendant
Two Jinn, Inc., d/b/a ALADDIN BAIL BONDS