L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Frederick J. Klorczyk III (State Bar No. 320783)
**BURSOR & FISHER, P.A.**
1990 North California Boulevard, Suite 940
Walnut Creek, California 94596
Tel: (925) 300-4455
ltfisher@bursor.com
jsmith@bursor.com
fklorczyk@bursor.com

W. Daniel "Dee" Miles, III
H. Clay Barnett, III
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343
dee.miles@beasleyallen.com
clay.barnett@beasleyallen.com

Adam J. Levitt*
John E. Tangren*
Daniel R. Ferri*
**DICELLO LEVITT & CASEY LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Tel: (312) 214-7900
alevitt@dlcfirm.com
jtangren@dlcfirm.com
dferri@dlcfirm.com

Benjamin L. Bailey
Jonathan D. Boggs
Michael L. Murphy
**BAILEY GLASSER LLP**
209 Capitol Street
Charleston, West Virginia 25301
Tel: (304) 345-6555
bbailey@baileyglasser.com
jboggs@baileyglasser.com
mmurphy@baileyglasser.com

*Motions to appear *pro hac vice* to be filed

Attorneys for Plaintiffs
(*additional counsel appear on signature page*)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATHY BASHAW, ROBERT GARNEAU, NANCY HOUSELL, and JEFFREY OLKOWSKI on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC. and NISSAN MOTOR CO., LTD.,<br><br>Defendants. | Case No. 4:18-cv-07292-HSG<br><br>**REPLY IN SUPPORT OF MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Hon. Haywood S. Gilliam, Jr.<br><br>Date:　　　April 11, 2019<br>Time:　　　2 p.m.<br>Courtroom:　2, 4th Floor |

## I. INTRODUCTION

Defendant Nissan North America, Inc. ("NNA") does not oppose consolidation of this matter with *Kerkorian v. Nissan North America, Inc.*, No. 4:18-cv-07815-HSG (N.D. Cal.), acknowledging that these two actions share common issues of law and fact pursuant to Federal Rule of Civil Procedure 42(a).[1] Dkt. No. 18 ("Opp.") at 4, 5. Although NNA opposes appointment of interim class counsel, it fails to dispute that proposed interim class counsel satisfy each of the factors set out in Federal Rule of Civil Procedure 23(g)(1) and will fairly and adequately represent the proposed classes. Dkt. No. 12 ("Mot") at 2-17. This should end the inquiry. *See Manual for Complex Litigation* § 21.271 (4th ed. 2006) (the "*Manual*") ("In many cases, the lawyers who filed the suit will be the obvious or only choice to be appointed counsel for the class. In such cases, the judge's task is to determine whether the applicant is able to provide adequate representation for the class in light of the Rule 23(g)(1)(C) factors."). NNA has no standing to oppose the appointment of Plaintiffs' proposed interim class counsel, and even if it did, NNA has not shown any prejudice, as it must, that would result from such appointment. Furthermore, the arguments that NNA does attempt to make misunderstand Plaintiffs' claims and the procedural history of this litigation. Plaintiffs' motion for appointment of interim class counsel should therefore also be granted.

## II. ARGUMENT

### A. NNA Has No Standing to Oppose Appointment of Interim Class Counsel.

NNA's objections to Plaintiffs' proposed leadership structure are procedurally improper and, therefore, irrelevant to the Court's consideration of the motion *sub judice*. NNA lacks standing to challenge Plaintiffs' proposed interim class counsel. Allowing NNA to purportedly "assist" the Court in determining whether Plaintiffs' proposed leadership structure should be appointed "is a bit like permitting a fox, although with pious countenance, to take charge of the chicken house." *Eggleston v. Chicago Journeymen Plumbers Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981). In considering leadership motions, courts have found that "the weight of

---

[1] Defendant Nissan Motor Co., Ltd. did not file a response to Plaintiffs' motion.

authority denying [defendants'] standing made 'sense because defendants will rarely have the best interests of the class at heart.'" *Blake Partners, Inc. v. Orbcomm, Inc.*, Nos. 07-4517-WHW, 07-4590-WHW, 2008 WL 2277117, at *3 (D.N.J. June 2, 2008) (quoting *In re Merck & Co. Sec. Litig.*, 432 F.3d 261, 267 (3d Cir. 2005)); *see also George v. China Auto. Sys., Inc.*, No. 11 Civ. 7533(KBF), 2012 WL 3205062 (S.D.N.Y. Aug. 8, 2012) ("Although defendants' 'concerns' for plaintiffs' best interests is 'altruistic' indeed, courts typically do not credit objections to appointment of (co-)lead counsel by a defendant."). Indeed, a defendant's only interest is in "preferring not to be successfully sued by anyone" rather than in fairly and adequately representing the interests of the proposed class. *Eggleston*, 657 F.2d at 895. NNA's goal is no different here, and it has failed to show that it would be prejudiced by appointment of interim class counsel. *See Gallagher v. Bayer AG*, 14-CV-04601-WHO, 2015 WL 4932292, at *8 (N.D. Cal. Aug. 18, 2015) (granting appointment where defendants "have not argued that they will be prejudiced"). Thus, NNA's objections to Plaintiffs' proposed appointment of interim class counsel should not be considered.

**B.     Appointment of Interim Class Counsel Is Needed to Protect the Best Interests of the Classes.**

Appointment of interim class counsel would ensure that this litigation will be led from this point forward by a single leadership group working together to most effectively and efficiently represent the proposed classes. This is not a case, despite NNA's arguments otherwise, in which Plaintiffs' counsel have been working together from the very beginning.[2] As Plaintiffs explained in their opening motion, Plaintiffs' proposed interim class counsel began their work on this

---

[2] This case is therefore distinguishable from each of NNA's cited authorities. (*See* Opp. at 7.) In *Letizia v. Facebook, Inc.*, No. 16-cv-06232-TEH, 2017 WL 1477158 (N.D. Cal. Apr. 25, 2017), the court noted that the proposed interim class counsel "are presently collaborating and the parties have not shown any signs that a rivalry exists." Similarly, in *In re Nest Labs Litigation*, No. 14-cv-01363-BLF, 2014 U.S. Dist. LEXIS 115596 (N.D. Cal. Aug. 18, 2014), the firms seeking appointment as interim class counsel had been working together from the start, and appointment would have been "merely to maintain the status quo." *Id.* at *5. And in *In re Seagate Technology LLC Litigation*, No. 16-cv-00523-RMW, 2016 WL 3401989 (N.D. Cal. June 21, 2016), the court found that "counsel intended to cooperate with one another from the start of the case, rendering appointment of interim class counsel unnecessary." *Id.* at *3.

litigation working entirely independently and filing separate actions in different districts: the *Bashaw* action in this district on November 30, 2018, and the *Turner* action in the Middle District of Tennessee on December 10, 2018. *See* Mot. at 1. Only after an extensive discussion of how best to privately order this litigation were proposed interim class counsel able to come together, re-file plaintiff Turner's action in this district, and make it possible for this litigation to be consolidated into a single action and led by a single leadership slate.

As the Manual makes clear, such private-ordering efforts are common and should be encouraged. *See Manual* § 21.272 ("By far the most common [method for selecting interim class counsel] is the so-called "private ordering" approach: The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests."). The firms seeking appointment here have frequently been appointed as interim class counsel in other cases, and NNA's assertion that Plaintiffs' motion only identified one such case aside from Bursor & Fisher's prior appointments (Opp. at 7 n.2) is simply false. Plaintiffs identified numerous such cases in their motion (see Mot. at 8-9, 11, 13-14); three representative ones from this District include *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, No. 15-MD-2672 (N.D. Cal.) (appointing Mr. Levitt, Mr. Bailey, and Mr. Miles), *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Prods. Liab. Litig.*, MDL No. 2777 (N.D. Cal.) (appointing Mr. Bailey and Mr. Miles), and *In re MyFord Touch Consumer Litig.*, No. 13-cv-3072 (N.D. Cal.) (appointing Mr. Levitt). Appointment of interim class counsel here would likewise not be premature, but would instead affirm Plaintiffs' counsel's efforts to ensure the orderly prosecution of this case.

NNA's contention that the proposed classes are "overly broad" (Opp. at 9) is itself premature, as it is essentially a challenge to the cohesion of the proposed classes themselves rather than the fitness of Plaintiffs' proposed interim class counsel. The Ninth Circuit has cautioned that in "determining what constitutes the same type of relief or the same kind of injury, we must be careful not to employ too narrow or technical an approach. Rather, we must examine the questions realistically: we must reject the temptation to parse too finely, and consider instead the context of

the inquiry." *Armstrong v. Davis*, 275 F.3d 849, 867 (9th Cir. 2013). Thus, courts recognize, at least at this pleadings stage, that Plaintiffs who have purchased certain products may sue on behalf of those with substantially similar products. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig*, MDL No. 2672 CRB (JSC), 2017 WL 3058563, at *4 (N.D. Cal. July 19, 2017) (rejecting argument that plaintiff lacks standing to bring claims on behalf of people who purchased different classes of bonds); *Stotz v. Mophie Inc.*, No. CV 16-8898-GW (FFMx), 2017 WL 1106104, at *6 (C.D. Cal. Feb. 27, 2017) (rejecting argument that "Plaintiffs lack standing to bring claims based on products that they did not purchase."); *cf. Melendres v. Arpaio*, 784 F.3d 1262 (9th Cir. 2015) ("representative parties who have a direct and substantial interest have standing," and "the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation.")

As Plaintiffs' complaints already establish, there is substantial evidence that the automatic emergency braking technology that Nissan has used in its vehicles beginning in 2015 is subject to the same defect. Nissan has issued Technical Service Bulletins throughout the class period reporting similar failures for all model years between 2015 and 2018. *Bashaw* Complaint, Dkt. No. 1, ¶¶ 34-40; *Kerkorian* Complaint, Dkt. No. 1, ¶¶ 54-65. Consumers driving vehicles from each model year have also all complained of similar failures of Nissan's automatic emergency braking technology. *Bashaw* Complaint ¶¶ 42-56; *Kerkorian* Complaint ¶ 51. This substantial similarity allows Plaintiffs, the owners of 2017 and 2018 model-year vehicles, to sue on behalf of proposed classes of purchasers and lessees of all similarly-affected vehicles, and to seek appointment of interim class counsel for these proposed classes as well. Plaintiffs' counsel intend to litigate this case on behalf of all those who are impacted by Nissan's defective automatic emergency braking technology, seeking discovery relating to all such models and eventually moving for the certification of classes that also include all of them. Thus, appointment of Plaintiffs' proposed interim lead counsel would best "clarif[y] responsibility for protecting the interests of the[se]

class[es] during precertification activities." *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185 (S.D.N.Y. 2008) (internal citations omitted).

### III. CONCLUSION

For the foregoing reasons, as well as those stated in Plaintiffs' opening motion, Plaintiffs respectfully ask the Court to consolidate the *Bashaw* and *Kerkorian* actions, and appoint Bursor & Fisher, P.A., DiCello Levitt Gutzler LLC, Bailey Glasser LLP, and Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., as co-interim class counsel, with L. Timothy Fisher of Bursor & Fisher serving as liaison counsel.

Dated: February 28, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Joel D. Smith*
     Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Boulevard, Suite 940
Walnut Creek, California 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
       jsmith@bursor.com
       fklorczyk@bursor.com

**DICELLO LEVITT GUTZLER LLC**
Adam J. Levitt*
John E. Tangren*
Daniel R. Ferri*
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
Tel: (312) 214-7900
E-mail: alevitt@dicellolevitt.com
       jtangren@ dicellolevitt.com
       dferri@ dicellolevitt.com

**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
W. Daniel "Dee" Miles, III
H. Clay Barnett, III
272 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 269-2343
E-mail: dee.miles@beasleyallen.com
       clay.barnett@beasleyallen.com

**BAILEY GLASSER LLP**
Benjamin L. Bailey
Jonathan D. Boggs
Michael L. Murphy
209 Capitol Street
Charleston, West Virginia 25301
Tel: (304) 345-6555
E-mail: bbailey@baileyglasser.com
        jboggs@baileyglasser.com
        mmurphy@baileyglasser.com

*Attorneys for Plaintiffs*